### In re INTERSTATE PIPE CO.

(District Court, W. D. Pennsylvania. May 13, 1926.)

#### No. 12111.

Bankruptcy ⟾140(3)—Trustee held to have received money in trust for claimant under agreement between claimant and bankrupt.

Bankrupt held as collateral to acceptances of claimant certain secured gold notes, part of an issue by claimant to a trustee. By agreement between them, bankrupt accepted the gold notes in full of claimants' indebtedness, but inasmuch as claimant had paid interest on its acceptances to that date it was agreed that ac-crued interest on the gold notes, when received by bankrupt, should be paid over to claimant. *Held*, that bankrupt received such interest as trustee for claimant, which retained title thereto, and that so much of it as was received after bankruptcy by bankrupt's trustee and could be identified was held by him in trust for claimant.

In Bankruptcy. In the matter of the Interstate Pipe Company, bankrupt. On review of order of referee. Affirmed.

A. J. Barron, of Pittsburgh, Pa., for trustee.

SCHOONMAKER, District Judge. This case now comes to the court on certificate to review the findings of the referee in bankruptcy awarding to the Emerald Oil Company $3,666.67 on reclamation petition, being interest money paid to the trustee, but claimed by the Emerald Oil Company to belong to it. The circumstances are these:

On September 9, 1921, the Emerald Oil Company was indebted to the Interstate Pipe Company in the sum of $65,567.64, evidenced by trade acceptances bearing 6 per cent. interest from June 10, 1921, and secured by $75,000 par value, four-year 8 per cent. gold notes of the Emerald Oil Company, issued under the provisions of a note indenture of that company to the Buffalo Trust Company as a trustee. By the terms of certain written agreements of extension between the Emerald Oil Company and the Interstate Pipe Company, between September 4, 1921, and October 7, 1921, it was agreed that the Interstate Pipe Company might, at any time during the period covered by the extension agreement, accept said $75,000 gold notes as full payment for the indebtedness represented by the trade acceptances.

On May 21, 1924, the Interstate Pipe Company notified the Emerald Oil Company that it exercised its right to take over the notes under the agreements referred to in liquidation of the indebtedness evidenced by the trade acceptances. This was done, and the trade acceptances were returned to the Emerald Oil Company. At this time interest had accrued on these gold notes from February 21, 1923, in the sum of $6,791.67. This sum had not been paid, but the Emerald Oil Company had, in the meantime, paid to the Interstate Pipe Company interest on the trade acceptances for that period. Subsequently to May 21, 1924, but before the bankruptcy in this case, $3,125 was paid on said interest directly to the Interstate Pipe Company and intermingled with its funds.

After the adjudication in bankruptcy, and through the Colonial Trust Company of Pittsburgh, with whom the Interstate Pipe Company had deposited these notes as collateral, there was paid to the trustee in bankruptcy a sum which included $3,666.67 interest on these notes.

· At the time the Interstate Pipe Company exercised its option to take over these gold notes, the Emerald Oil Company acquiesced in such action, claiming, however, that, inasmuch as it had already paid interest on the trade acceptances, the interest accrued on the gold notes from February 1, 1923, to May 21, 1924, should be paid to the Emerald Oil Company by the Interstate Pipe Company, when the amount of such accrued interest should be received upon the gold notes in question. Representatives of the two companies negotiated over this matter, and finally agreed that the Interstate Pipe Company would make payment to the Emerald Oil Company of all interest accrued and unpaid on the four-year notes when they received the amount ·from the Buffalo Trust Company. This was to avoid the payment of double interest, which Mr. Bell, representing the Interstate Pipe Company, agreed was wrong, saying that the interest on these gold notes, when collected, belonged to the Emerald Oil Company.

On this state of facts, the referee held that the Emerald Oil Company was entitled to this accrued interest, but, inasmuch as the $3,125 paid prior to the bankruptcy was commingled with other funds of the bankrupt estate and could not be distinguished, there was no way of identifying it, and it could not be recovered; but the balance of $3,666.67, which was paid to the trustee in bankruptcy through the Colonial Trust Company of Pittsburgh, was clearly identified and should be returned to the Emerald Oil Company. The referee made an order accordingly.

Relying on the cases of Christmas v. Russell, 81 U. S. (14 Wall.) 69, 20 L. Ed. 762, and Smedley v. Speckman, 157 F. 815, 85 C. C. A. 179, we should have held that this agreement whereby this interest was·to be paid over to the Emerald Oil Company by the Interstate Pipe Company, when collected, would only constitute that company a general creditor. But in view of the opinion of the Circuit Court of Appeals of this circuit (In re George Walter & Sons, Bankrupts, 10 F.[2d] 463), overruling our decree in the same case (8 F.[2d] 267), we hold that, so far as the collection of this interest on these gold notes is concerned, the Interstate Pipe Company acted as trustee for the Emerald Oil Company, to whom the interest belonged under agreement of the parties, and that that portion of it, to wit, $3,666.67, which came into the hands· of the trustee and could be identified, should be paid over to the Emerald Oil Company. Under the agreement of parties, title to the interest on these gold notes from February 21, 1923, to May 1, 1924, apparently never passed to the Interstate Pipe Company, which, though it had the custody of the notes, merely acted as trustee for the Emerald Oil Company in the collection of that portion of the interest which by the agreement of the parties still belonged to the Emerald Oil Company.

We affirm the finding of the referee. An order may be entered accordingly.